# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INFOGATION CORP., <br> Plaintiff, <br> v. <br> ZTE CORPORATION; ZTE (USA), INC., <br> Defendants. | Case No.: 16-cv-01901-H-JLB <br><br> **SCHEDULING ORDER** |
| INFOGATION CORP., <br> Plaintiff, <br> v. <br> HTC CORPORATION; HTC AMERICA, INC., <br> Defendants. | Case No.: 16-cv-01902-H-JLB <br><br> **SCHEDULING ORDER** |

| | |
|---|---|
| INFOGATION CORP., <br>          Plaintiff, <br> v. <br> HUAWEI TECHNOLOGIES CO., LTD.; <br> HUAWEI DEVICE USA, INC., <br>          Defendants. | Case No.: 16-cv-01903-H-JLB <br><br> **SCHEDULING ORDER** |

On July 27, 2016, Plaintiff InfoGation Corp. filed three separate complaints for patent infringement against Defendants ZTE (USA), Inc.,[1] HTC,[2] and Huawei,[3] alleging infringement of U.S. Patent No. 6,292,743. (16-cv-1901-Doc. No. 1; 16-cv-1902-Doc. No. 2; 16-cv-1903-Doc. No. 1.) On November 1, 2016, Defendants each filed an answer to Plaintiff's complaint. (16-cv-1901-Doc. No. 22; 16-cv-1902-Doc. No. 21; 16-cv-1903-Doc. No. 22.)

On November 4, 2016, the Court issued a tentative scheduling order for the three actions. (16-cv-1901-Doc. No. 25; 16-cv-1902-Doc. No. 26; 16-cv-1903-Doc. No. 23.) On November 14, 2016, the parties jointly filed proposed changes to the Court's tentative scheduling order. (16-cv-1901-Doc. No. 26; 16-cv-1902-Doc. No. 31; 16-cv-1903-Doc. No. 25.) The Court held a telephonic case management conference in the three actions on November 18, 2016. Michael L. Kirby, Heather W. Schallhorn, Edward A. Pennington, John P. Pennington, Sean T. Phelan, Jennifer L. Feldman, John P. Moy, and Michael A. Schwartz appeared for Plaintiff InfoGation. Harold H. Davis and Rachel E.

---

[1]   Defendant ZTE Corporation was dismissed from the action on October 11, 2016. (16-cv-1901-Doc. No. 21.)

[2]   Defendant "HTC" includes HTC Corporation and HTC America, Inc.

[3]   Defendant "Huawei" includes Huawei Technologies Co., Ltd. and Huawei Device USA, Inc.

Burnim appeared for Defendant ZTE. Todd Eric Landis and Mario A. Apreotesi appeared for Defendant HTC. Jason W. Wolff, Robert M. Yeh, and Joanna M. Fuller appeared for Defendant Huawei. Accordingly, the Court issues the following scheduling order for the three actions:[4]

1. **<u>Disclosure of Asserted Claims and Infringement Contentions</u>**. On or before **December 2, 2016**, Plaintiff must serve on Defendants a "Disclosure of Asserted Claims and Infringement Contentions." The Disclosure of Asserted Claims and Infringement Contentions must contain the following information:

   a. Each claim of each patent in the suit that is allegedly infringed by Defendants;

   b. Separately for each asserted claim, each of Defendants' accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of which the party is aware. This identification must be as specific as possible. Each product, device and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

   c. A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

   d. For each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement. Insofar

---

[4] A chart containing both the Court's tentative schedule and the Court's final schedule including the parties' proposed changes is attached to this order as Exhibit A.

as alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement must be described.

      e.      Whether each element of each asserted claim is claimed to be literally present and/or present under the doctrine of equivalents in the Accused Instrumentality;

      f.      For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled;

      g.      If a party claiming patent infringement asserts or wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim; and

      h.      If a party claiming patent infringement alleges willful infringement, the basis for such allegation.

    2.    **<u>Document Production Accompanying Disclosure</u>**.  With the Disclosure of Asserted Claims and Infringement Contentions, the party claiming patent infringement must produce to Defendants or make available for inspection and copying, the following documents in the possession, custody or control of that party:

      a.      Documents (for example, contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the claimed invention prior to the date of application for the patent in suit.  A party's production of a document as required within these rules does not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102;

        b.     All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, that were created on or before the date of application for the patent in suit or the priority date identified pursuant to Patent Local Rule 3.1(f), whichever is earlier;

        c.     A copy of the file history for each patent in suit and each application to which a claim for priority is made under Patent Local Rule 3.1(f);

        d.     Documents sufficient to evidence ownership of the patent rights by the party asserting patent infringement; and

        e.     If a party identifies instrumentalities pursuant to Patent Local Rule 3.1(g), documents sufficient to show the operation of any aspects or elements of such instrumentalities the patent claimant relies upon as embodying any asserted claims.

    The producing party must separately identify by production number which documents correspond to each category. If the documents identified above are not in the possession, custody or control of the party charged with production, that party must use its best efforts to obtain all responsive documents and make a timely disclosure.

    3.     Any motion to join other parties, to amend the pleadings, or to file additional pleadings must be filed on or before **December 16, 2016**.

    4.     **<u>Invalidity Contentions</u>**. On or before **January 27, 2017**, Defendants must serve on all parties their "Invalidity Contentions," which must contain the following information:

        a.     The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. This includes information about any alleged knowledge or use of the invention in this country prior to the date of invention of the patent. Each prior art patent must be identified by its number, country of origin, and date of issue. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. § 102(b) must be

identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity that made the use or that made and received the offer, or the person or entity that made the information known or to whom it was made known.  Prior art under 35 U.S.C. § 102(f) must be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived.  Prior art under 35 U.S.C. § 102(g) must be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

      b. Whether each item of prior art anticipates each asserted claim or renders it obvious.  If obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness;

      c. A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function;

      d. Any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) of any of the asserted claims; and

      e. Any grounds of invalidity based on lack of written description, lack of enabling disclosure, or failure to describe the best mode under 35 U.S.C. § 112(1).

5. **Document Production Accompanying Invalidity Contentions**.  With the Invalidity Contentions, the party opposing a claim of patent infringement must produce or make available for inspection and copying:

      a. Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or

elements of any Accused Instrumentality identified by the patent claimant in its Patent Local Rule 3.1(c) chart; and

   b. A copy of each item of prior art identified pursuant to Patent Local Rule 3.3(a) that does not appear in the file history of the patent(s) at issue.  To the extent any such item is not in English, the party opposing infringement must produce an English translation of the portion(s) relied upon.

   6. **Invalidity Contentions If No Claim of Infringement**.  In all cases in which a party files a complaint or other pleading seeking a declaratory judgment that a patent is not infringed, is invalid, or is unenforceable, Patent Local Rules 3.1 and 3.2 will not apply unless and until a party makes a claim for patent infringement.  If the Defendants do not assert a claim for patent infringement in answer to the complaint, no later than fourteen (14) days after the Initial Case Management Conference, the party seeking a declaratory judgment must serve upon each opposing party Invalidity Contentions that conform to Patent Local Rule 3.3 and produce or make available for inspection and copying the documents described in Patent Local Rule 3.4.

   7. **Exchange of Preliminary Claim Construction and Extrinsic Evidence**.
   a. On or before **February 10, 2017**, the parties will simultaneously exchange a preliminary proposed construction of each claim term, phrase, or clause that the parties have identified for claim construction purposes.  Each Preliminary Claim Construction will also, for each element that any party contends is governed by 35 U.S.C. § 112(6), identify the structure(s), act(s), or material(s) described in the specification corresponding to that element.
   b. Simultaneously with exchange of the Preliminary Claim Constructions, the parties must also provide a preliminary identification of extrinsic evidence, including, without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses they contend

support their respective claim constructions. The parties must identify each such item of extrinsic evidence by production number or produce a copy of any such item not previously produced. With respect to any such witness, percipient or expert, the parties must also provide a brief description of the substance of that witness's proposed testimony.

        c.      On or before **February 24, 2017**, the parties will simultaneously exchange "Responsive Claim Constructions" identifying whether the responding party agrees with the other party's proposed construction, or identifying an alternate construction in the responding party's preliminary construction, or setting forth the responding party's alternate construction.

        d.      Simultaneous with exchange of the Responsive Claim Constructions pursuant to Patent Local Rule 4.1(c), the parties must also provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses they contend support any responsive claim constructions. The parties must identify each such item of extrinsic evidence by production number or produce a copy of any such item not previously produced. With respect to any such witness, percipient or expert, the parties must also provide a brief description of the substance of that witness's proposed testimony.

        e.      The parties must thereafter meet and confer for the purposes of narrowing the issues and finalizing preparation of a Joint Claim Construction Chart, Worksheet and Hearing Statement.

    8.    **Joint Claim Construction Chart, Worksheet, and Hearing Statement**. On or before **March 10, 2017**, the parties must complete and file a Joint Claim Construction Chart, Joint Claim Construction Worksheet, and Joint Hearing Statement.

      a.     The Joint Hearing Statement must included an identification of the terms whose construction will be most significant to the resolution of the case up to a maximum of ten (10) terms. The parties must also identify any term among the ten (10) whose construction will be case or claim dispositive. If the parties cannot agree on the ten (10) most significant terms, the parties must identify ones which they do agree are most significant and then they may evenly divide the remainder with each party identifying what it believes are the remaining most significant terms. However, the total terms identified by all parties as most significant cannot exceed ten (10). For example, in a case involving two (2) parties if the parties agree upon the identification of five (5) terms as most significant, each may only identify two (2) additional terms as most significant; if the parties agree upon eight (8) such terms, each party may only identify only one (1) additional term as most significant.

      b.     The Joint Claim Construction Chart must have a column listing complete language of disputed claims with the disputed terms in bold type and separate columns for each party's proposed construction of each disputed term. Each party's proposed construction of each disputed claim term, phrase, or clause, must identify all references from the specification or prosecution history that support that construction, and identify any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction of the claim or to oppose any party's proposed construction of the claim, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses. For every claim with a disputed term, each party must identify with specificity the impact of the proposed constructions on the merits of the case.

      c.     The parties' Joint Claim Construction Worksheet must be in the format set forth in Appendix A of the Patent Local Rules and include any proposed constructions to which the parties agree, as well as those in dispute. The parties must

jointly submit the Joint Claim Construction Worksheet to Judge Huff's e-file inbox in both Word and WordPerfect format or in such other format as the Court may direct.

      d.      The Joint Hearing Statement must include:

           1.      The anticipated length of time necessary for the Claim Construction Hearing;

           2.      Whether any party proposes to call one or more witnesses, including experts, at the Claim Construction Hearing, the identity of each such witness, and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert; and

           3.      The order of presentation at the Claim Construction Hearing.

      e.      At the Court's discretion, within seven (7) days of the submission of the Joint Claim Construction Chart, Joint Claim Construction Worksheet and Joint Hearing Statement, the Court will hold a status conference with the parties, in person or by telephone, to discuss scheduling, witnesses and any other matters regarding the Claim Construction Hearing.

    9.      **Amended and Final Infringement Contentions**.[1]

      a.      As a matter of right, a party asserting infringement may serve Amended Infringement Contentions no later than the filing of the parties' Joint Claim Construction Chart, **March 10, 2017**. Thereafter, absent undue prejudice to the opposing party, a party asserting infringement may only amend its infringement contentions:

           1.      If, not later than thirty (30) days after service of the Court's Claim Construction Ruling, the party asserting infringement believes in good faith that

---

[1] This rule does not relieve any party from its obligations under Federal Rule of Civil Procedure 26 to timely supplement disclosures and discovery responses.

amendment is necessitated by a claim construction that differs from that proposed by such party; or

        2.    upon a timely motion showing good cause.

    b.    As a matter of right, a party opposing a claim of patent infringement may serve "Amended Invalidity Contentions" no later than the Completion of Claim Construction Discovery, **March 27, 2017**. Thereafter, absent undue prejudice to the opposing party, a party opposing infringement may only amend its invalidity contentions:

        1.    if a party claiming patent infringement has served Amended Infringement Contentions, and the party opposing a claim of patent infringement believes in good faith that the Amended Infringement Contentions so require;

        2.    if, not later than fifty (50) days after service of the Court's Claim Construction Ruling, the party opposing infringement believes in good faith that amendment is necessitated by a claim construction that differs from that proposed by such party; or

        3.    upon a timely motion showing good cause.

    10.    **Completion of Claim Construction Discovery**. On **March 27, 2017**, the parties must complete all discovery, including depositions of any percipient or expert witnesses, that they intend to use in the Claim Construction Hearing. Federal Rule of Civil Procedure 30 applies to depositions taken pursuant to Patent Local Rule 4.3 except as to experts. An expert witness identified in a party's Joint Hearing Statement pursuant to Patent Local Rule 4.2(d) may be deposed on claim construction issues. The identification of an expert witness in the Joint Hearing Statement may be deemed good cause for a further deposition on all substantive issues.

    11.    **Claim Construction Briefs**.

        a.     On **April 7, 2017**, the parties will simultaneously file and serve opening briefs and any evidence supporting their claim constructions.

        b.     On **April 21, 2017**, the parties will simultaneously file and serve briefs responsive to the opposing party's opening brief and any evidence directly rebutting the supporting evidence contained in the opposing party's opening brief.

    12.    **<u>Claim Construction Hearing</u>**.  On **Friday, May 5, 2017, at 9:00 a.m.**, the Honorable Marilyn L. Huff will conduct a Claim Construction Hearing in San Diego, California.

    13.    **<u>Advice of Counsel</u>**.  Not later than thirty (30) days after the filing of the Claim Construction Order, each party relying upon advice of counsel as part of a patent-related claim or defense for any reason must:

        a.     Produce or make available for inspection and copying the opinion(s) and any other documentation relating to the opinion(s) as to which that party agrees the attorney-client or work product protection has been waived;

        b.     Provide a written summary of any oral advice and produce or make available for inspection and copying that summary and documents related thereto for which the attorney-client and work product protection have been waived; and

        c.     Serve a privilege log identifying any other documents, except those authored by counsel acting solely as trial counsel, relating to the subject matter of the opinion(s) which the party is withholding on the grounds of attorney-client privilege or work product protection.

   A party who does not comply with the requirements of Patent Local Rule 3.7 will not be permitted to rely on advice of counsel for any purpose, absent a stipulation of all parties or by order of the court, which will be entered only upon showing of good cause.

14. On or before **June 9, 2017**, all parties must exchange with all other parties a list of all expert witnesses expected to be called at trial. The list must include the name, address, and telephone number of the expert and a brief statement identifying the subject areas as to which the expert is expected to testify. The list must also include the normal rates the expert charges for deposition and trial testimony. The list must include non-retained testifying experts. On or before **June 23, 2017**, any party may supplement its designation in response to any other party's designation so long as that party has not previously retained an expert to testify on that subject.

15. Each expert witness designated by a party must prepare a written report to be provided to all other parties no later than **August 4, 2017**, containing the information required by Federal Rule of Civil Procedure 26(a)(2)(A) and (B). Except as provided in paragraph 16 below, any party that fails to make these disclosures must not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Federal Rule of Civil Procedure 37.

16. Any party, through any expert designated, must, in accordance with Federal Rule of Civil Procedure 26(a)(2)(D) and 26(e)(2), supplement any of its expert reports regarding evidence intended solely to contradict or rebut evidence on the same subject matter identified in an expert report submitted by another party. Any such supplemental reports are due on or before **August 18, 2017**.

17. All fact discovery must be completed on or before **June 30, 2017**. All expert discovery must be completed on or before **August 25, 2017**. "Completed" means that all discovery under Rules 30 through 36 of the Federal Rules of Civil Procedure must be initiated a sufficient period of time in advance of the cut-off date so that it can be completed by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure.

16-cv-01901-H-JLB

1    18.   All motions, including motions addressing <u>Daubert</u> issues, but excluding
2 earlier motions to amend or join parties and later motions in limine, must be filed on or
3 before **September 8, 2017**.  Any oppositions must be filed on or before **September 22,**
4 **2017**.  Any replies must be filed on or before **September 29, 2017**.  The Court schedules
5 a motion hearing for **Friday, October 13, 2017, at 10:00 a.m.**  The Court reserves the
6 right to vacate the hearing and submit the motions on the filings pursuant to Civil Local
7 Rule 7.1(d)(1).  The Court reminds the parties that they do not need to wait until the last
8 minute to file their motions.  For any motion filed more than two weeks before the
9 motion-filing cut-off date, the moving party must contact chambers to schedule a hearing.

10    All briefing in this action must comply with Civil Local Rule 7.1(h).  Briefs or
11 memoranda in support of or in opposition to all motions noticed for the same motion day
12 must not exceed a total of twenty-five (25) pages in length, per party, for all such motions
13 without leave of the judge who will hear the motion.  No reply memorandum will exceed
14 ten (10) pages without leave of the judge.

15    19.   The parties must conduct a settlement conference in accordance with Patent
16 Local Rule 2.1(c).  The parties must contact the magistrate judge assigned to this case to
17 arrange a date for the settlement conference.

18    20.   The parties must submit a juror questionnaire, including a question regarding
19 time-screening for trial, on or before **October 6, 2017**.

20    21.   Counsel must file their Memoranda of Contentions of Fact and Law in
21 compliance with Civil Local Rule 16.1(f)(2) on or before **October 20, 2017**.

22    22.   Counsel must comply with the pretrial disclosure requirements of Federal
23 Rule of Civil Procedure 26(a)(3) on or before **October 20, 2017**.  Failure to comply with
24 these disclosure requirements could result in evidence preclusion or other sanctions under
25 Federal Rule of Civil Procedure 37.

26
27
28

23. Counsel must meet together and take the action required by Civil Local Rule 16.1(f)(4) on or before **October 27, 2017**. At this meeting, counsel must discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel must exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits must be prepared in accordance with Civil Local Rule 16.1(f)(4)(c). Counsel will note any objections they have to any other party's Pretrial Disclosures under Federal Rule of Civil Procedure 26(a)(3). Counsel will cooperate in the preparation of the proposed pretrial conference order.

24. Counsel for Plaintiff will be responsible for preparing the proposed pretrial order in accordance with Civil Local Rule 16.1(f)(6)(a). On or before **November 3, 2017**, Plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with Plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties must attempt promptly to resolve their differences, if any, concerning the order.

25. The Proposed Final Pretrial Conference Order, including objections to any other party's Federal Rule of Civil Procedure 26(a)(3) Pretrial Disclosures, must be served and e-mailed to the District Judge's e-file inbox on or before **November 9, 2017**, in accordance with Civil Local Rule 16.1(f)(6).

26. The final pretrial conference and hearing on motions in limine will be held before the Honorable Marilyn L. Huff on **Friday, November 17, 2017, at 10:00 a.m.** All motions in limine must be filed on or before **October 20, 2017**. Absent further order of the Court, each side may file no more than five motions in limine.

27. If a party wishes to use deposition testimony in lieu of a live witness, if authorized under the rules, the party must submit the designations to opposing counsel by **November 3, 2017**. The parties must exchange counter-designations by **November 9, 2017**. If deposition testimony is used at trial in lieu of a live witness, the Court will

determine the allocation of time against each party, but the time is assessed against the time limits authorized for trial.

28. The parties must submit proposed verdict forms by **December 4, 2017**.

29. The parties must submit proposed questions for the jury on or before **December 4, 2017**. The jury will consist of eight (8) jurors. Each party will have three challenges. The Court uses the Arizona blind strike method.

30. The Court orders the parties to file proposed jury instructions on or before **December 4, 2017**. Copies of the jury instructions are to be filed with the Court's Case Management/Electronic Case Filing ("CM/ECF") system. **Additionally**, the Court orders the parties to send to chambers via the Court's e-file e-mail address a clean copy of the requested jury instructions with "Court's Instruction No. _____" behind each annotated instruction. The clean instructions must be sent to chambers by **December 4, 2017**. The clean instructions must be on pleading paper in Times New Roman, 14-point font, must be double-spaced, and must not have any header, footer, or page numbers.

31. The Court schedules a status conference for **Monday, December 4, 2017, at 10:30 a.m.** Lead trial counsel must appear in person absent further order of the Court.

32. The Court orders the parties to provide separate exhibit lists to the Courtroom Deputy at the status conference on **December 4, 2017**. The exhibits must be pre-marked with Plaintiff using numbers and Defendants using letters in accordance with the Civil Local Rules. Exhibit stickers are available in the Clerk's office. If a party wishes to use electronic or demonstrative equipment during trial, the Court directs the party to contact the Courtroom Deputy to schedule an appropriate time to setup the equipment before the trial begins and submit a proposed order by **December 4, 2017**, to allow the equipment to proceed through security.

33. The Court schedules trial for **Tuesday, December 5, 2017, at 9:00 a.m.**

34. The Court will not modify the dates and times set forth in this order except for good cause shown.

**IT IS SO ORDERED.**

DATED: November 18, 2016

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT