1   Edward A. Pennington (D.C. Bar No. 422006) (admitted *pro hac vice*)
        epennington@sgrlaw.com
2   John P. Moy (D.C. Bar No. 466908) (admitted *pro hac vice*)
        jmoy@sgrlaw.com
3   Sean T.C. Phelan (D.C. Bar No. 997681) (admitted *pro hac vice*)
        sphelan@sgrlaw.com
4   John P. Pennington (D.C. Bar No. 1018204) (admitted *pro hac vice*)
        jpennington@sgrlaw.com
5   Darlene K. Tzou (VA Bar No. 91139) (admitted *pro hac vice*)
        dtzou@sgrlaw.com
6   **SMITH, GAMBRELL & RUSSELL, LLP**
    1055 Thomas Jefferson Street, N.W., Suite 400
7   Washington, D.C. 20007
    Telephone: 202.263.4300
8   Facsimile: 202.263.4329

9   Michael L. Kirby (SBN 50895)
        mike@kirbyandkirbylaw.com
10  Heather W. Schallhorn (SBN 299760)
        heather@kirbyandkirbylaw.com
11  **KIRBY & KIRBY LLP**
    501 West Broadway, Suite 1720
12  San Diego, California 92101
    Telephone: 619.487.1500
13  Facsimile: 619.501.5733

14  **Attorneys for Plaintiff InfoGation Corp.**

15

16                    **UNITED STATES DISTRICT COURT**

17                    **SOUTHERN DISTRICT OF CALIFORNIA**

18

19

20  INFOGATION CORP.,                    **Consolidated Actions**
                                         Case Nos.: 16-cv-01901-H-JLB
21          Plaintiff,                              17cv646-H-JLB

22  v.                                   **PLAINTIFF INFOGATION CORP.'S**
                                         **MEMORANDUM REGARDING THE**
23  ZTE (USA), INC.,                     **PRIORITY DATE OF U.S. PATENT**
                                         **NO. 6,292,743**
24          Defendant.

25

26

27

28

{K&K02077897}

1

2

3

4

5

6

| INFOGATION CORP.,<br><br>Plaintiff,<br><br>v.<br><br>HTC CORPORATION and<br>HTC AMERICA, INC.,<br><br>Defendants. | **Consolidated Actions**<br>Case Nos.:  16-cv-01902-H-JLB<br>17-cv-645-H-JLB |

7

8

9

10

11

12

13

| INFOGATION CORP.,<br><br>Plaintiff,<br><br>v.<br><br>HUAWEI DEVICE USA, INC.,<br>HUAWEI DEVICE CO., LTD., and<br>HUAWEI DEVICE (DONGGUAN) CO.<br><br>Defendants. | **Consolidated Actions**<br>Case Nos.:  16-cv-01903-H-JLB<br>17-cv-647-H-JLB |

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

{K&K02077897}

Plaintiff InfoGation Corp. ("InfoGation") hereby files its Memorandum Regarding the Priority Date of U.S. Patent No. 6,292,743 ("the '743 patent") as ordered by this Court on May 5, 2017.

## I.    INTRODUCTION

InfoGation is entitled to assert an earlier invention date in this action because 1) it complied with its obligations under the Patent Local Rules, 2) it provided information concerning an earlier priority date to Defendants shortly after discovering the Visteon Document, and 3) Defendants will not suffer prejudice.

## II.    FACTUAL BACKGROUND

### a.  InfoGation's search for documents pursuant to Patent L.R. 3.2(b)

Pursuant to Local Rule 3.1 and the Scheduling Order entered by this Court on November 22, 2016, InfoGation served its Disclosure of Asserted Claims and Infringement Contentions (the "Infringement Contentions") on December 2, 2016. Prior to that disclosure, and pursuant to Patent L.R. 3.2(b), InfoGation conducted an extensive search of its files for documents required to accompany the Infringement Contentions. The search for documents under Patent L.R. 3.2(b) was comprised of the following relevant efforts:

    i.InfoGation identified all repositories of documents that could potentially contain documents created on or before January 6, 1999 (the '743 patent's filing date) that were associated with the '743 patent, including all folders and e-mails associated with the '743 patent on the hard drives of InfoGation's CEO, Dr. Qing Kent Pu, all archived files associated with the '743 patent located on InfoGation's computer network, and all paper files associated with the '743 patent. *See* Pu Decl. at ¶ 3.

    ii.InfoGation searched all of the identified repositories extensively for documents created on or before January 6, 1999 that evidence the conception, reduction to practice, design, and development of each claimed invention. Searching all of these files took approximately 16-20 hours. *See* Pu Decl. at ¶ 4.

Despite conducting this diligent search of its files, InfoGation was unable to locate any documents created on or before the filing date of the application for the '743 patent that evidenced the conception and reduction to practice, design, and development of the claimed invention.

### b.  InfoGation's search pursuant to Defendants' March 7, 2017 document requests.

On March 7, 2017, Defendants collectively served 17 interrogatories and 207 document requests on InfoGation. Included within these document requests were several requests for numerous types of documents that may be associated with the named inventors of the '743 patent. *See* Pennington Decl. Exs. A-C (Defendants' Document Request Nos. 34, 35, 36, 37). To search for documents in response to these and other requests, InfoGation broadened its search to cover all archived documents of Dr. Henry Li, a former employee of InfoGation who left the company in March 2000 and a co-inventor of the '743 patent. *See* Pu Decl. at ¶ 6. In this broader search of Dr. Li's files, InfoGation located documents related to draft proposals created by InfoGation.[1] Specifically, InfoGation located a Microsoft Word document in Dr. Li's files bearing the non-descript title "prop3" (the "Visteon Document"). *See* Pu Decl. Ex. 1.

### c.  The Visteon Document.

While the Visteon Document does not reference the '743 patent, its content clearly supports an earlier conception date. Specifically, the key elements of claim 15 are disclosed in the document. For instance, the "non-proprietary" limitation of claim 15 is discussed in the document. One example is provided in section 1.4, which describes InfoGation's vision for vehicle navigation comprising, *inter alia*, a system based on an

---

[1] In correspondence dated April 14, 2017 to opposing counsel, counsel for InfoGation indicated that the Visteon document was found in a search for proposal files. For clarity, while proposal files were searched for and located, the most appropriate characterization of the search leading to the Visteon Proposal would be that it was a comprehensive search of Dr. Li's files, which were found to contain draft proposal files.

"open platform," contrasting it with U.S. and European platforms that are "proprietary." *See* Pu Decl. Ex. 1, at 6.

The "optimal route based on real time traffic information" limitation of claim 15 is also discussed in the document. For example, section 2.2 refers to a dynamic route planning system that uses "real-time traffic information." *Id.* at 17. Section 2.2.2 describes navigation software that "will provide the capability to calculate a route based upon periodic traffic information relayed through the wireless communication network." *Id.* at 17.

The "natural language" limitation is also discussed in the document. For example, section 2.1.4.1 refers to navigation instructions using maneuver terms including but not limited to "Enter," "Exit," "Bear left," "Bear right," "U turn," "Roundabout," and "Name change.".  The turning type specifies the degree of turning that is required: "Straight", "Slight left", "Left", "Hard left", "U turn", Hard right", "Right", and "Slight right". *Id.* at 12.

### d. InfoGation's Responses to Discovery Requests.

InfoGation produced the Visteon Document to all Defendants in its first response to each Defendants' First Set of Requests for Production of Documents. *See* Pennington Decl. at ¶ 5. Further, InfoGation identified the document in its first response to Defendants' Common Interrogatory No. 1 and identified the correct invention date of the patent as January 21, 1998. *See* Pennington Decl. Ex. D.

## III.   ARGUMENT

### A.   InfoGation's is entitled to assert an earlier priority date.

As a described above, InfoGation met its obligations under Patent L.R. 3.2(b) by diligently searching for documents related to the conception and reduction to practice of the '743 patent. This effort was significant and included identifying document repositories that included the CEO's hard drive, the InfoGation employee network archive, and paper files from the timeframe surrounding the filing of the '743 patent.

1  Despite searching these files for a significant amount of time, InfoGation was unable to
2  locate documents that would support an earlier invention date.

3  The discovery of the Visteon Document only occurred when InfoGation, in
4  response to several broad document requests propounded by Defendants, extended its
5  search to a comprehensive review of all of Mr. Li's files and opened a Microsoft Word
6  document that provided no outward indication that it would be associated with the '743
7  patent technology or navigation systems; it was titled simply "prop3." After reviewing
8  the document and concluding that it supported an earlier invention date, InfoGation
9  produced the document in its first response to Defendants' First Set of Requests for
10  Production of Documents and identified the document and earlier conception date in its
11  first response to Defendants' First Set of Common Interrogatories.

12  The significant effort of InfoGation's initial search for documents responsive to
13  Patent L.R. 3.2(b), the obscure file identification associated with the Visteon Document,
14  and InfoGation's provision of the newly located information in its first responses to
15  Defendants' discovery requests all demonstrate that InfoGation's assertion of an earlier
16  invention date is made in good faith. In such circumstances, InfoGation should not be
17  precluded from relying on a document that clearly demonstrates an earlier date of
18  conception.

19  B.  **Defendants cannot show prejudice.**

20  Defendants have been provided with ample time and opportunity to investigate
21  InfoGation's asserted priority date. Defendants received the Visteon Document and
22  InfoGation's interrogatory response identifying the earlier conception date well before
23  even noticing any depositions and with almost 6 months remaining in discovery. [2]
24  Further, Defendants cannot claim prejudice with respect to their invalidity contentions
25  because they already searched for and located prior art references that were publicly

26

---

27  [2] The Visteon document and InfoGation's Interrogatory Response regarding the invention
28  date of the patent were served on April 7, 2017, and April 6, 2017, respectively, which is
   181 days from the close of fact discovery on November 3, 2017.

PL.'S MEMORANDUM REGARDING                - 4 -                      {K&K02077897}
PRIORITY DATE

available before January 6, 1999, which would include all references that were publicly available before January 21, 1998. In fact, they identified prior art references publicly available prior to January 21, 1998 in their invalidity contentions. *See* Pennington Decl. Exs. E-G (Defendants' amended invalidity contentions). Absent such prejudice, Defendants cannot reasonably argue that InfoGation should not be afforded the opportunity to assert an earlier invention date.

## IV.   Conclusion

For the foregoing reasons, InfoGation respectfully submits that it is entitled to assert an earlier invention date in this action.

DATED: May 12, 2017               KIRBY & KIRBY LLP,

By:   /s/ Michael L. Kirby
Michael L. Kirby
Heather W. Schallhorn
Attorneys for Plaintiff InfoGation Corp.

**PROOF OF SERVICE**

***INFOGATION vs. HTC CORPORATION, et al***.
United States District Court, for the Southern District of California
**Consolidated Actions: Case No.:**  16-cv-1902-H-JLB / 17-cv-645-H-JLB

***INFOGATION CORP. vs. ZTE CORPORATION, et al***.
United States District Court, Southern District of California
**Consolidated Actions: Case No.**  3:16-cv-01901-H-JLB / 17-cv-646-H-JLB

***INFOGATION CORP. vs. HUAWEI TECHNOLOGIES CO., LTD***.
U.S. District Court, Southern District of California
Case No. 3:16-cv-01903-H-JLB / 17-cv-647-H-JLB

.

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 12, 2017, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

/s/ Julie A. Roland
Julie A. Roland

{K&K02071161}